ON REHEARING EX MERO MOTU

TAYLOR, Presiding Judge.
The original opinion in this case issued on November 9, 1995, is withdrawn and the following opinion is substituted therefor.
The appellant, R.E.C., was adjudicated delinquent on nine offenses in June 1992. The appellant was transferred to the Alabama Department of Youth Services, where he was to remain in custody until March 1994. The appellant appealed his adjudication, contending that the court acted outside its jurisdiction in fixing a determinate sentence. We affirmed the ease by unpublished memorandum. R.E.C. v. State, 655 So.2d 62 (Ala.Cr.App.1994) (table of cases). The Alabama Supreme Court granted certiorari review and reversed our judgment and remanded the cause to this court. Ex parte R.E.C., 678 *1046 So.2d 1041 (Ala.1995). The Alabama Supreme Court, noting that this case presented an issue of first impression, stated:
‘We conclude, therefore, that an order of commitment for a definite period does not offend the [Alabama Juvenile Justice] Act [§ 12-15-1 to 12-15-176, Code of Alabama 1975], even though the juvenile has not been adjudicated a serious juvenile offender, provided that the order is accompanied by specific findings of fact and a reasoned analysis as to how the determinate period is calculated to benefit the juvenile or to further his or her rehabilitation; and provided, further, that the court’s intent to incorporate its order into the [individual service plan] plainly appears in the order.
“It is undisputed, however, that these procedures were not followed in this case. Here, the ‘order’ contains no factual findings and no rationale or conclusions relating to how the specific commitment period would benefit R.E.C. or further his rehabilitation. Certainly, the order was not intended to become part of R.E.C.’s Plan, and, in fact, it contained nothing that would be of particular benefit to [the Department of Youth Services]. As to this case, therefore, the amici agree with R.E.C.—as do we—that the determinate commitment imposed was outside the juvenile court’s statutory authority.”
678 So.2d at 1045. (Emphasis added.)
Accordingly, this case is remanded to the Juvenile Court for Baldwin County. The court is directed to vacate the appellant’s determinate sentence and sentence him in accordance with the Supreme Court’s decision. Due return should be filed in this court no later than 42 days from the date of this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS. 
All the Judges concur.